frauding the estate of said deceased out of its interest in said partnership estate, and for that purpose have had said judg-ment entered up." Motion to set aside judgment was denied and said ruling was assigned for error. The court is of opinion that the ruling of the court on said motion was correct. No facts are stated in the affidavit filed in support of the motion, which would authorize the court to disturb the judgment, nor which would require the court to allow the administrator of the deceased partner to take charge of or participate in the suit by his attorneys. If the suggestions that the surviving partner was colluding with the plaintiff to fraudulently dissipate the deceased partner's interest in the partnership estate is true, the remedy must be sought in another forum. Judgment affirmed. Opinion by Moran, J. Judge below, Joseph E. Gary. Attorneys, for plaintiff in error, Mr. Geo. N. Smith and Mr. Eric Winters; for defendant in error, Mr. Allan C. Story. Opinion filed April 7, 1886.

No. 28—2297. William A. Giles v. John F. Barney et al. A proceeding under the Mechanic's Lien Law where the action was based upon and for work and materials done and furnished under a written contract between the parties. By the fifth clause of the agreement under which the materials were furnished and the work done, Giles agreed that upon the architect's acceptance of the work as complete and finished, he would pay to the petitioners the balance in full, "on the presentation of the architect's certificate certifying that the contract has been well and truly performed and accepted by him, and that all damages or allowances which should be paid or made by the parties of the second part have been deducted from the amount of the said final certificate, and also a certificate from the parties of the second part, that all claims and damages for extra work or otherwise, under, or in connection with this contract, have been presented to the architect." The making by the architect of the one, and by the contractors of the other of said certificates, and the presentation of them respectively to Giles, the owner, by or on behalf of said contractors, was a condition precedent to the right to payment for the final balance under the contract: Packard v. Van Schoick, 58 Ill. 79, and cases there cited; Coey v. Lehman, 79 Ill. 173; Downey v. O'Donnell, 86 Ill. 49; Walsh v. Walsh, 11 Bradwell,

199. The petition does not allege, nor the proof show, that the petitioners ever made or presented to Giles any such certificate as is required by said fifth clause to be made and presented. Neither does the petition allege, or the proof show, the making and presentation of such a certificate by the architect as is required by that clause. The one described in the petition and given in evidence falls substantially short of that required. Nor is there any waiver or excuse alleged or shown in respect to either of said certificates. The contract being the foundation of the petitioner's proceeding, and being in all respects lawful and valid, it can be enforced only as the parties have made it. The court was powerless to dispense with the condition precedent to which the court has referred. Decree reversed. Opinion by McAllister, J. Judge below, George Gardner. Attorneys, for plaintiff in error, Messrs. King & Packard; for defendant in error, Mr. Eugene E. Prussing. Opinion filed April 7, 1886.

No. 47—2317. Albert Hurzfield et al. v. David Cohen. As the court finds no support in the record for any of the points raised on behalf of appellants, the judgment is affirmed. Opinion Per Curiam. Judge below, John G. Rogers. Attorneys, for appellants, Messrs. Flower, Remy & Gregory and Mr. Fred. L. Brooks; for appellee, Messrs. Byam, Weinschenk & Griesburg.

No. 44—2314. David W. Kean v. J. Fred Hammerly. Case originated in justice's court, shows a meritorious cause of action in favor of appellee, to which no defense was established. Affirmed. Opinion Per Curiam. Judge below, Kirk Hawes. Attorneys, for appellant, Mr. A. A. Exline; for appellee, Messrs. C. & W. L. De Wolf. Opinion filed April 28, 1886.

No. 40—2310. George E. White et al. v. John E. Liston. The evidence legitimately tended to support the verdict, and there is no question of law presented by the record. Affirmed. Opinion Per Curiam. Judge below, Joseph E. Gary. Attorneys, for appellants, Messrs. Munn & Wheeler; for appellee, Mr. Wm. J. Manning and Mr. Percy V. Castle. Opinion filed April 28, 1886.

No. 46—2316. Crane Brothers' Manufacturing Company